John P. Kristensen (SBN 224132)
Jesenia A. Martinez (SBN 316969)
Jacob J. Ventura (SBN 315491)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Telephone: 310-507-7924
Facsimile: 310-507-7906
*john@kristensenlaw.com*
*jesenia@kristensenlaw.com*
*jacob@kristensenlaw.com*

**Attorneys for Plaintiff Shonta Woodmore**

### THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHONTA WOODMORE, an individual, | ) Case No.: 2:19-cv-09017-RGK-AGR |
| | ) |
| Plaintiff, | ) **JOINT MOTION FOR APPROVAL** |
| | ) **OF FLSA SETTLEMENT AND** |
| vs. | ) **DISMISSAL OF LAWSUIT** |
| | ) |
| SOLITAIRE HOLDINGS, LLC dba | ) |
| KNOCKOUTS, a Delaware Limited | ) |
| Liability Company; LONG KIM | ) Date:    February 3, 2020 |
| HUOT, an individual; TAWNY | ) Time:    9:00 a.m. |
| HUOT, an individual; DOE | ) Dept:    Courtroom 850, 8th Floor |
| MANAGERS 1-3; and DOES 4- | ) Judge:   The Hon. R. Gary Klausner |
| 100, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

*Side text:* Kristensen LLP — ATTORNEYS FOR PLAINTIFFS

Plaintiff Shonta Woodmore ("Plaintiff") and defendants Solitaire Holdings, LLC dba Kockouts, Long Kim Hout and Tawny Hout (collectively, "Defendants") (Plaintiff and Defendants will be referred to collectively as the "Parties"), by and through their undersigned counsel, hereby request approval of the settlement agreement (the "Agreement") reached between the Parties.

The Agreement is attached as Exhibit 1 (Dkt. No. 13-2) to the Declaration of John P. Kristensen ("Kristensen Decl.") (Dkt. No. 13-1) filed concurrently with this Joint Motion. The Parties submit that the Court should approve the settlement for the reasons described below. This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on December 26, 2019.

## I.   PLAINTIFF'S CLAIMS/CAUSES OF ACTION & PROCEDURAL HISTORY

Plaintiff was an exotic dancer at Knockouts, a topless sports bar in Arcadia, California. On October 18, 2019, Plaintiff filed the instant action with causes of action for: (1) Failure to pay minimum wages, 29 U.S.C. § 206; (2) Failure to pay overtime wages, 29 U.S.C. § 207; and (3) Unlawful taking of tips, 29 U.S.C. § 203, pursuant to *Oregon Restaurant and Lodging Ass'n v. Perez*, 816 F.3d 1080 (9th.Cir. 2016). The first two (2) causes of action were based on misclassification of the Plaintiff as an "independent contractor." The Fair Labor Standards Act ("FLSA") is more employer friendly than California Supreme Court decisional authority regarding independent contractor classification. The third cause of action was for illegal tip pooling/forced tip sharing. The Fair Labor Standards Act ("FLSA") is more employee friendly than California's Court of Appeal decisional authority regarding tip pooling.

On April 28, 2018, Plaintiff executed a Licensing Agreement and Voluntary Mutual Agreement to Arbitrate Claims.  The arbitration agreement included a class and/or collective action waiver.

///

///

Upon filing of the Complaint, Defendants' counsel contacted Plaintiff's counsel, who have negotiated a settlement to this matter. There has been no motion for collective certification.

## II.  FACTUAL BACKGROUND

Plaintiff was an exotic dancer at Knockouts, a topless sports bar in Arcadia, California. She worked approximately five (5) shifts over a period between December 2017 and 2018. She was not paid minimum wage or overtime. Defendants contend Plaintiff was an independent contractor. Plaintiff contends she was an employee under the FLSA, entitling her to back pay and liquidated damages. Defendants contended the matter should be adjudicated in arbitration and that Plaintiff agreed to waive any representative claims or as a member of a collective action. Kristensen Decl. ¶ 3 (Dkt. No. 13-1), Ex. 2 (Dkt. No. 13-3).

## III.  THE SETTLEMENT AGREEMENT

Under the Agreement, Defendants have agreed to pay Plaintiff a gross settlement of $10,000 with $5,100 allocated to Plaintiff and $4,900 allocated to costs and attorney's fees under the FLSA. Plaintiff's counsel incurred $437.55 in costs in the matter ($37.55 is being waived) and has an estimated lode star of $14,165.50. *See* Kristensen Decl. ¶ 20 (Dkt. No. 13-1), Exs. 2 (Dkt. No. 13-3) and 3 (Dkt. No. 13-4). Plaintiff's settlement, after costs and fees, exceeds $1,000 a shift. The agreement provides that Defendants will pay the settlement amount within five (5) days of the execution of the agreement and/or the approval by the Court.

In exchange for the consideration described above, Plaintiff has agreed to dismiss her causes of action for alleged violations of the FLSA and any state wage and hour laws stemming from Plaintiff's employment at Knockouts.

## IV.  STANDARD FOR APPROVAL OF FLSA SETTLEMENTS

"When employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter

1   a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food*

2   *Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Because

3   "[t]he Ninth Circuit has not established the criteria that a district court must

4   consider in determining whether an FLSA settlement warrants approval," district

5   courts in this Circuit widely follow the Eleventh Circuit's *Lynn's Food Stores*

6   standard. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG,

7   2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Rodriguez v. Nationwide*

8   *Mutual Ins.Co., et al.*, No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1

9   (C.D. Cal. Nov. 16, 2017).

10       Most courts hold that an employee's overtime claim under FLSA is non-

11  waivable and, therefore, cannot be settled without supervision of either the

12  Secretary of Labor or a district court. *See Lynn's Food Stores*, 679 F.2d at 1352-

13  55; *see also Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2014 WL 1477630, at

14  *3 & n.5 (N.D. Cal. Apr. 15, 2014) (collecting cases applying *Lynn's Food*

15  *Stores*).

16       Under *Lynn's Food Stores*, a district court may approve an FLSA

17  settlement only if it reflects "a fair and reasonable resolution of a bona fide

18  dispute over FLSA provisions." *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524,

19  2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) (quoting *Lynn's Food Stores*,

20  679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a

21  reasonable compromise over issues, such as FLSA coverage or computation of

22  back wages, that are actually in dispute; we allow the district court to approve the

23  settlement in order to promote the policy of encouraging settlement of litigation."

24  *Lynn's Food Stores*, 679 F.2d at 1354.

25       The FLSA was enacted for the purpose of protecting workers from

26  substandard wages and oppressive working hours. *Barrentine v. Arkansas–Best*

27  *Freight System,* 450 U.S. 728, 739 (1981). Therefore, an employee's right to fair

28  payment cannot be "abridged by contract or otherwise waived because this would

1  nullify the purposes of the statute and thwart the legislative policies it was

2  designed to effectuate." *Id.* Accordingly, FLSA settlements require the

3  supervision of the Secretary of Labor or the district court. *See Lynn's Food*

4  *Stores*, 679 F.2d at 1352-53. The FLSA also requires that a settlement agreement

5  include an award of reasonable fees. *See* 29 U.S.C. § 216(b) ("The court in such

6  action shall, in addition to any judgment awarded to the plaintiff or plaintiffs,

7  allow a reasonable attorney's fee to be paid by the defendant, and the costs of the

8  action").

9       The Eleventh Circuit, following *Lynn's Food Stores*, in determining

10  whether a settlement is fair and reasonable identified the factors such as: (1) the

11  existence of fraud or collusion behind the settlement; (2) the complexity, risk,

12  expense, and likely duration of the litigation; (3) the stage of the proceedings and

13  the amount of discovery completed; (4) the strength of the plaintiff's case and the

14  probability of plaintiff's success on the merits; (5) the range of possible recovery;

15  and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, No.

16  6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing

17  *Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th

18  Cir. 1994)).

19       When considering these factors, the Court should keep in mind the "'strong

20  presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3

21  (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a

22  settlement is a compromise, a yielding of the highest hopes in exchange for

23  certainty and resolution." *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck*

24  *Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (other internal

25  citations omitted)).

26       As discussed below, those factors strongly favor this settlement.

27  ///

28  ///

## V. THE SETTLEMENT IS A REASONABLE COMPROMISE OF A BONA FIDE DISPUTE REGARDING FLSA LIABILITY

The Court should approve the settlement because it reflects a reasonable compromise of a *bona fide* dispute regarding Defendants' alleged FLSA liability. There was no collusion in reaching the Agreement. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the Agreement reached was the result of good-faith, arms' length negotiation between the Parties. Defense counsel, Jerome Mooney, has represented exotic dance clubs in Southern California in individual and class actions for years. *See* Declaration of Jerome Mooney ("Mooney Decl.") ¶ 3 (Dkt. No. 13-5). Mr. Kristensen has tried multiple employment cases and obtained substantial settlements against employers, including against another exotic dance club in excess of a million dollars. Mr. Kristensen has been appointed class counsel beforehand, including three (3) times in 2019 alone. Kristensen Decl. ¶¶ 14-16 (Dkt. No. 13-1).

The Parties have strenuously different opinions about the classification of the dancers as employees or independent contractors. The parties engaged in informal discovery that focused on the number of shifts Plaintiff worked. That was the critical factor in the size of the potential damages. Counsel was cognizant and aware of each other's arguments and positions pertaining to employee classification.

Had this matter proceeded to trial (or arbitration), the damage award for approximately forty (40) hours of unpaid work would not have been monetarily substantial. The risk for Defendants was that in a fee-bearing case, with a real likelihood of liability, the attorneys' fees would dwarf the damages.[1] The FLSA

---

[1] Multiple district courts have found an employment relationship and required clubs to pay dancers a minimum wage. *See Harrell v. Diamond A Entm't, Inc.*, 992 F.Supp. 1343, 1348 (M.D. Fla. 1997); *Clincy v. Galardi South Enter., Inc.*,

structure was intentionally designed by Congress as a remedial measure to incentivize and encourage private attorneys to pursue lower damage wage and hour claims with clear liability. "[T]he FLSA is a uniquely protective statute," *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), and its purposes "require that it be applied even to those who would decline its protections," *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985). By awarding reasonable fees and costs to prevailing FLSA litigants, "Congress intended to encourage private citizen enforcement of the [FLSA]." *Soler v. G & U, Inc.*, 658 F.Supp. 1093, 1097 (S.D.N.Y. 1987). Indeed, "Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes." *Trinidad v. Pret a Manger (USA) Ltd*., No. 12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).

The Agreement compensates Plaintiff approximately $1,000 for each shift. The arbitration agreement was a real threat as well. Counsel did spend considerable time: investigating the claim; investigating the Defendants; preparing a detailed twenty-five (25) page Complaint (they need to be precise to deter or defeat the flood of *Iqbal/Twombly* motions); settlement negotiations with defense counsel including conferring extensively with regarding the lack of

---

808 F.Supp.2d 1326, 1346 (N.D. Ga. 2011) (summary judgment); *Stevenson v. Great American Dream, Inc.*, No. 1:12-CV-3359-TWT, 2013 WL 6880921, (N.D. Ga. Dec. 31, 2013) (same); *Berry v. Great American Dream, Inc*., No. 1:13-CV-3297-TWT, 2014 WL 5822691 (N.D. Ga. Nov. 10, 2014) (Gentlemen's Club collaterally estopped from re-litigating issue that entertainers are independent contractors rather than employees); *Mason v. Fantasy, LLC*, No. 13-CV-02020-RM-KLM, 2015 WL 4512327, at *13 (D. Colo. July 27, 2015); *Verma v. 3001 Castor, Inc*., No. 13-3034, 2014 WL 2957453, at *5 (E.D. Pa. June 30, 2014): *Levi v. Gulliver's Tavern, Incorporated*, No. 15-cv-216-WES, 2018 WL 10149710 (D.R.I. Apr. 23, 2018) (granting dancer plaintiff's partial summary judgment that they are employees under the FLSA).

confidentiality in FLSA settlements. *See* Mooney Decl. ¶ 4 (Dkt. No. 13-5) & Kristensen Decl. ¶ 21 (Dkt. No. 13-1).

This settlement is favorable to Plaintiff, and in light of the work performed in the lawsuit and the early juncture of the settlement in the litigation, the fees are reasonable.

## VI.   CONCLUSION

For the foregoing reasons, the Parties jointly request that the Court approve the Agreement and enter the proposed Order.


Dated:        January 3, 2020          **KRISTENSEN LLP**

                                        */s/ John P. Kristensen*
                                        John P. Kristensen
                                        Jesenia A. Martinez
                                        Jacob J. Ventura
                                        ***Attorneys for Plaintiff***

Dated:        January 3, 2020          **WESTON, GARROU & MOONEY**


                                        */s/ Jerome H. Mooney (with permission)*
                                        Jerome H. Mooney
                                        ***Attorneys for Defendants***

## **LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION**

The undersigned attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.


*/s/ John P. Kristensen*
John P. Kristensen

## <u>CERTIFICATE OF SERVICE</u>

        I certify that on Friday, January 03, 2020, a true and correct copy of the attached **JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF LAWSUIT** and accompanying documents were served via CM/ECF on each participant of record and via U.S. Mail and email to the following participants per Federal Rule of Civil Procedure 5:

John  H. Weston
johnhweston@wgdlaw.com
Jerome H. Mooney
jerrym@mooneylaw.com
*Weston, Garrou & Mooney*
1212 Wilshire Boulevard, Suite 525
Los Angeles, California 90025


**Attorney for Defendants**
**Solitare Holdings, LLC dba Knockouts**


                                 */s/ John P. Kristensen*
                                  John P. Kristensen